### GARDNER v. THE ROYCROFTERS et al.

(Supreme Court, Special Term, Erie County. March, 1907.)

1. INJUNCTION—VIOLATION OF ORDER—WHAT CONSTITUTES.

Evidence that defendants printed certain advertising, which was paid for in cash, does not prove a violation of an injunction order prohibiting them from soliciting any advertising matter for publication, other than exchange railroad and merchandise advertising, where no solicitation is proved.

2. SAME—MOTION TO MODIFY.

An injunction order obtained by plaintiff, who claimed to have the exclusive right to sell paid advertising to be published in defendant's publications, restraining them from soliciting advertisements, will be extended so as to enjoin them from printing any paid advertising on orders of any persons other than the plaintiff, where it clearly appears that such acts would cause plaintiff great injury, for which he has no remedy at law.

Action by Frederic W. Gardner against The Roycrofters and Elbert Hubbard. Motion to punish defendants for contempt for violation

of an injunction order, and to enlarge the provisions of the same. Motion to punish for contempt denied, with leave to make further application, and injunction order modified.

Bissell & Riley, for plaintiff.

Kenefick, Cook & Mitchell, for defendants.

BROWN, J. The defendants are owners and publishers of the Philistine and Little Journeys. The plaintiff claims to have the exclusive right to sell cash or paid advertising to be published therein. By an order of this court, entered in Erie county clerk's office December 5, 1905, in this action, the defendants were prohibited from soliciting any advertising matter for publication in the above periodicals, other than exchange railroad and merchandise advertising until the further order of the court. The case has been tried on the merits before a referee, but has not been submitted; and it is likely that three months or more will elapse before a decision is made. The proof submitted on this application established that the defendants, while such injunction order was in force, printed advertisements in the above publications for N. W. Ayer & Son, a newspaper advertising agency of Philadelphia, Pa., which were paid for by N. W. Ayer & Son in cash, by paying drafts drawn by the defendants on N. W. Ayer & Son payable to the order of Keystone Type Foundry Company.

It is contended by the defendants that such method of payment by Ayer & Son makes the publication of these advertisements purely exchange advertising; that is, that defendants exchange advertising for Ayer with type furnished by Keystone Type Foundry, and that defendants do not publish the advertising for cash. The proofs satisfy me that the defendants printed these advertisements for Ayer & Son for cash; that as between Ayer & Son and the defendants it was a pure cash transaction. Ayer & Son did not exchange merchandise with the defendants. The defendants did not receive merchandise from Ayer & Son in exchange for the advertising. The defendants did not publish the advertisements for Keystone Type Foundry Company. The acts of the defendants in thus publishing these advertisements would have been in violation of the injunction order, provided the defendants solicited the advertising matter for publication. I can find no proof that the defendants have done any soliciting for such advertisements. The motion to punish defendants for contempt in soliciting advertisements must be denied, with leave to the plaintiff to make further application upon proof of soliciting.

It very clearly appears, however, that the printing and publication of these advertisements by the defendants in Little Journeys and the Philistine on orders of any person other than the plaintiff is prejudicial to the rights of the plaintiff, producing him great injury and damage, for which he has no adequate remedy at law. The complaint demands decree enjoining the printing and publication of such advertisements, as well as the solicitation thereof. The injunction order is confined to soliciting. The injunction order must be extended and enlarged to protect the rights of the plaintiff during the pendency of this action, so as to enjoin and restrain the defendants, the Roycrofters and Elbert Hubbard, their officers, agents, servants, assistants, and employés, and

each of them, under the penalty by law prescribed, during the pendency of this action and until the further order of this court, from printing and publishing any advertising matter for publication in said Philistine and Little Journeys on orders of any persons other than the plaintiff, for cash, other than exchange railroad and merchandise advertising, which exchange railroad and merchandise advertising must in good faith be an exchange of advertising by the defendants for railroad privileges or merchandise furnished by the persons who order the advertising.

Let an injunction order issue herein, containing the same provisions as set forth in the order entered herein on December 5, 1905, which injunction order is hereby continued, and also containing appropriate provisions in conformity with this memorandum. Let the plaintiff have $10 costs of this motion.